# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                    |   |                |
|------------------------------------|---|----------------|
|                                    | : |                |
| KAY EVANS,                         | : |                |
| Plaintiff,                         | : | CIVIL ACTION   |
|                                    | : |                |
| v.                                 | : | NO. 07-0072    |
|                                    | : |                |
| CHICHESTER SCHOOL DISTRICT et al., | : |                |
| Defendants.                        | : |                |
|                                    | : |                |

## Memorandum and Order

YOHN, J.                                                              January ____, 2008

Plaintiff Kay Evans[1] filed this action on January 5, 2007 against defendants (1)

Chichester School District ("the District"); (2) Michael Golde, superintendent of the District; (3)

Gloria Senatore, director of pupil services of the District; (4) the Pennsylvania Office of Dispute

Resolution ("ODR");[2] (5) Sharon Montanye, the District's attorney; and (6) Sweet, Stevens, Katz

& Williams LLP ("Sweet Stevens LLP"), the law firm where Montanye is employed.  Evans

brings the following claims:  (1) a retaliation claim under section 504 of the Rehabilitation Act of

1973 ("§ 504"), 29 U.S.C. § 794; (2) a retaliation claim under 42 U.S.C. § 1983 for violating her

First Amendment rights; (3) a claim pursuant to 42 U.S.C. § 1985(3) for conspiring to violate her

equal protection rights; and (4) a 42 U.S.C. § 1981 claim for violating her right to contract.

---

[1] The original caption in this case showed that Evans brought this case on behalf of one of her minor children, but Evans has stated that she is bringing this case on her own behalf. Defendants agreed at oral argument that the caption should be changed to reflect this.

[2] At oral argument, Evans's counsel agreed to withdraw all claims against ODR. Therefore, ODR's motion to dismiss will be granted without discussion, all claims against ODR will be dismissed with prejudice, and ODR will be dismissed as a party to this lawsuit.

Evans additionally seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, regarding her rights and liabilities under the Individuals with Disabilities Education Act ("IDEA").

Presently before the court are the defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3]  The court held oral argument on December 13, 2007 to clarify the factual allegations in Evans's complaint.  For the reasons discussed herein, I will grant the motions to dismiss.  Count One against the District will be dismissed without prejudice, to allow Evans the opportunity to exhaust her administrative remedies.  Count Two will be dismissed without prejudice against the District and Golde only, and Evans will be granted leave to file an amended complaint against the District and Golde.  Count Two against Senatore will be dismissed with prejudice.  The remaining counts will also be dismissed with prejudice, and Senatore, ODR, Montanye, and Sweet Stevens LLP will be dismissed as parties to this lawsuit.

Also before this court is the District and ODR's motion to compel the withdrawal of Evans's counsel, Carol Herring.  For the reasons discussed below, the motion will be denied. This denial is without prejudice to defendants' right to refile the motion at trial.

---

[3] In their initial briefs, the District, Golde, and Senatore asked the court to dismiss the complaint because of Evans's failure to effectuate timely service of process as required by Federal Rule of Civil Procedure 4(m).  On May 11, 2007, Evans filed a motion to enlarge time to serve process, and I granted the motion on May 16, 2007.  The order granting the motion gave Evans until June 14, 2007 to serve the defendants, but Evans did not serve them until after that date.  At oral argument, defendants agreed that despite the late service, they had timely notice of the action, and they did not want reservice of process.  I will therefore extend service of process *nunc pro tunc* to July 18, 2007, the date when Evans served the last defendant.

ODR originally argued that part of Evans's claims were untimely, but at oral argument it acknowledged that her claims are timely.  ODR withdrew its statute of limitations arguments.

## I.      Factual and Procedural Background

Evans's complaint makes the following allegations, which this court must accept as true for purposes of the motions to dismiss.  Evans is the parent of a child with disabilities.  (Compl. ¶ 10.)  Although the complaint does not state that Evans's child is a student within the District, the facts permit an inference by the court that her son does attend a school within the District.

The District does not follow the Individualized Education Programs of students with disabilities and has interfered with Evans's responsibilities to advocate on behalf of her son to ensure he receives a free and appropriate education equal to the education received by nondisabled students.  (*Id.* ¶ 16(1).)[4]  Evans has made complaints and reports to appropriate officials within the District and ODR regarding the District's treatment of students with disabilities and the District's "deficiencies" in educating these students.  (*Id.* ¶ 15(2).)  These reports have included, inter alia, complaints that students with disabilities have been subjected to discrimination and not provided a free and appropriate education equal to services provided to nondisabled students.  (*Id.*)

Evans alleges that she retained a lawyer, Carol Herring, in 2004 to provide assistance in advocating for her child's rights.  (*Id.* ¶ 11.)  Evans asked ODR to hold a due process hearing, which ODR scheduled for January 7, 2005 on the District's premises.  (*Id.* ¶¶ 11, 13.)  The defendants conspired to deprive Evans, an African American, of equal protection of the laws, and the District had Herring arrested for criminal defiant trespass during the hearing, causing

_____

[4] Pages three and four of Evans's complaint contain misnumbered paragraphs; there are two paragraphs numbered "15" and two paragraphs numbered "16."  For the purposes of this memorandum, the designations "15(1)" and "16(1)" will refer to the first paragraphs numbered 15 and 16, respectively.  The designations "15(2)" and "16(2)" will refer to the second paragraphs numbered 15 and 16, respectively.

disruption to the due process hearing that Evans had requested.  (*Id.* ¶¶ 14, 33.)  ODR ratified the District's conduct by failing to control the process of the hearing.  (*Id.*)  All of the defendants have now filed motions to dismiss the complaint, and the District and ODR have filed a motion to compel withdrawal of Evans's counsel.

## II.    Discussion

### A.    Motions to Dismiss

#### 1.    Standard

Generally, when deciding whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is testing the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citation omitted).  The court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citation omitted).  "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff['s] cause of action."  *Nami*, 82 F.3d at 65.

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations

and alterations omitted).  Furthermore, "[f]actual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)."  *Id.* at 1965 (citations omitted).  The complaint must rest on

factual allegations, not on unsupported legal conclusions.  *See Papasan v. Allain*, 478 U.S. 265,

286 (1986) ("Although for the purposes of [a] motion to dismiss [a court] must take all the

factual allegations in the complaint as true, [the court is] not bound to accept as true a legal

conclusion couched as a factual allegation."); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902,

906 (3d Cir. 1997) (A "court need not credit a complaint's 'bald assertions' or 'legal

conclusions' when deciding a motion to dismiss.").

### 2.        Claims Against Montanye and Sweet Stevens LLP

Evans's complaint regarding Montanye and Sweet Stevens LLP only alleges that they

conspired to deprive her of her civil rights (*see* Compl. ¶¶ 24, 32, 34), and that Montanye acted

within the scope of her employment with Sweet Stevens LLP by directing the District or its

employees, who are Montanye's clients, to call the police on January 7, 2005 (*see id.* ¶ 34).  The

complaint does not allege any conduct by Montanye or Sweet Stevens LLP that took place

outside the scope of attorney-client representation.

In the Third Circuit, the intracorporate conspiracy doctrine bans claims against attorneys

based on conspiracies formed in the attorney-client context.  *See Heffernan v. Hunter*, 189 F.3d

405, 413 (3d Cir. 1999).  When an attorney's alleged conspiratorial conduct occurs within the

scope of representation, the conduct cannot be characterized as an actionable conspiracy.  *See*

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313-14 (3d Cir. 2003) (applying

intracorporate conspiracy doctrine to affirm dismissal of civil conspiracy claim against attorney

acting in scope of representation); *Heffernan*, 189 F.3d at 413-14 (applying intracorporate

conspiracy doctrine to affirm dismissal of § 1985(1) and (2) claims against attorney who acted in

scope of representation); *Lewis v. Montgomery County*, No. 01-3193, 2002 WL 32349408, at *1

(E.D. Pa. Apr. 8, 2002) (dismissing § 1983 suit against lawyer and his employer, a law firm,

because they are not state actors and because they cannot form a conspiracy when acting in the

attorney-client context).  Because Evans did not allege any actions by Montanye or Sweet

Stevens LLP other than the alleged conspiracy, which took place in the context of the attorney-

client relationship, the intracorporate conspiracy doctrine applies and Evans cannot show

Montanye and Sweet Stevens LLP were part of an actionable conspiracy.[5]  Their motion to

dismiss will therefore be granted.[6]

### 3.    Section 504 Retaliation Claim (Count One)

In Count One, Evans claims the District retaliated against her in violation of § 504 of the

Rehabilitation Act.[7]  The District allegedly retaliated against Evans by accusing her attorney of

---

[5] In Count Two, the only allegation regarding Montanye and Sweet Stevens LLP is that they conspired to restrain Evans's speech, which is barred by the intracorporate conspiracy doctrine.  In addition, Counts Three and Four are dismissed as to all defendants, for the reasons set forth *infra*.

[6] At oral argument, Evans's counsel conceded that the intracorporate conspiracy doctrine precludes Evans's suit against Montanye and Sweet Stevens LLP.  The claims against Montanye and Sweet Stevens LLP will therefore be dismissed with prejudice, and Montanye and Sweet Stevens LLP will be dismissed as parties to this lawsuit.

[7] Section 504 of the Rehabilitation Act provides:  "No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  The anti-retaliation provision provides:  "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purposes of interfering with any right or privilege secured by [the Act], or because he has made a complaint, testified, assisted, or participated in

criminal trespass during a due process hearing regarding Evans's child.  (*Id.* ¶ 14.)  The District argues that Evans's § 504 claim is barred for failure to exhaust her administrative remedies.

IDEA requires that before a plaintiff files a civil action seeking relief under § 504 that is also available under IDEA, a plaintiff must exhaust her administrative remedies.  *See* 20 U.S.C. § 1415(*l*).  As the parent of a disabled student, Evans has standing to bring a claim under IDEA and therefore must first exhaust her administrative remedies.[8]  *Accord Brandon v. Chichester Sch. Dist.*, No. 06-4687, 2007 WL 2155722, at *4 (E.D. Pa. July 25, 2007) (concluding plaintiffs had to exhaust administrative remedies when "the administrative process is capable of providing [p]laintiffs *some* form of relief, even though they have only requested compensatory damages"); *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262, 274-76 (E.D. Pa. 2006) (determining that a parent of a disabled child who brought a claim for retaliation under § 504 and IDEA had to exhaust her administrative remedies before bringing federal lawsuit).

Evans argues that the facts in her complaint support a determination that her administrative remedies have already been exhausted.  Specifically, Evans points to the language in her complaint that refers to the due process hearing where she advocated for the rights of her child.  (*See* Compl. ¶¶ 11-13, 15(1).)  The administrative procedures pertaining to Evans's child's educational rights, however, do not serve to exhaust Evans's administrative procedures regarding the § 504 retaliation claim brought on her own behalf.  Thus, she has not exhausted her § 504 retaliation claim by raising the issue of her son's due process rights.

---

any manner in an investigation, proceeding or hearing . . . ."  34 C.F.R. § 100.7(e).

[8] At oral argument, Evans's counsel conceded that she must first administratively exhaust her § 504 retaliation claim.

Evans additionally argues that she should not have to administratively exhaust her § 504 claim because exhaustion would be futile.  In support of this argument, she quotes the hearing officer's findings:  "'I specifically refuse to consider any claim . . . related to the School District's alleged retaliation against Student's lawyer'"; and "'I denied the following: . . . [t]o review allegations of School District retaliation against Student's counsel.  I determined that this issue was too ancillary to issues regarding compensatory education and the appropriateness of Student's current program, and too large and complex, potentially involving a hearing within a hearing.'"  (Pl.'s Mem. in Opposition to ODR's Mot. to Dismiss 4 (quoting Hearing Officer's Findings of Fact ¶¶31, 38b, Apr. 29, 2005).)  Evans contends this language shows the hearing officer's refusal to hear her retaliation claim, making administrative remedies futile.  In actuality, this quoted language demonstrates that the hearing officer declined to hear Evans's counsel's retaliation claim during Evans's son's due process hearing.  The quoted language in no way demonstrates Evans attempted to raise her own retaliation claim, let alone that the claim was denied or exhausted.  Therefore, the District's motion to dismiss Evans's § 504 claim for failure to exhaust administrative remedies will be granted.  Count One will be dismissed without prejudice to provide Evans the opportunity to exhaust her administrative remedies.[9]

---

[9] Even if Evans had properly exhausted her administrative remedies, I would have granted the District's motion to dismiss Evans's § 504 claim because she failed to properly allege facts supporting the elements of the claim.  To bring a retaliation claim under § 504, Evans must allege that (1) she engaged in protected activity, (2) defendants' retaliatory actions were sufficient to deter a person of ordinary firmness from exercising her rights, and (3) "there was a causal connection between the protected activity and the retaliatory action."  *Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted).  The facts as alleged in Evans's complaint are not sufficient to meet any of these required elements.

Moreover, the allegations pertaining to Evans's § 504 claim are contrary to the record of the January 7, 2005 hearing.  I note that "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the

### 4.     42 U.S.C. § 1983 Claim (Count Two)

In Count Two, Evans brings a First Amendment retaliation claim under 42 U.S.C. §

1983.[10]  "[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege:  (1)

_____

general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *In re Burlington Coat Factory*, 114 F.3d at 1426 (internal quotations, alterations, and citations omitted).  The primary concern behind the general rule—lack of notice to the plaintiff—is "dissipated" when the plaintiff is aware of the document.  *See id.*  I may properly consider the transcript of the January 7, 2005 hearing and the hearing officer's findings because these documents are integral to Evans's complaint, which stems from and relies on the events of the January 7, 2005 hearing.  Furthermore, Evans's counsel quoted the hearing transcript at oral argument, signifying that they are well aware of the document; lack of notice is therefore not an issue.

In her complaint, Evans alleges that she retained Herring as her attorney in this matter in 2004 (Compl. ¶ 11), but the transcript of the hearing clearly demonstrates that Herring did not enter her appearance as Evans's attorney in this matter until after the January 7, 2005 hearing began (Tr. of Due Process Hearing In re L.E. 0007:5-15, Jan. 7, 2005).  Evans also alleges that the District retaliated against her for her association with Herring "by contacting the police, with the intent to have Evans's lawyer arrested for criminal defiant trespass." (Compl. ¶ 14.)  The record of the hearing, however, clearly shows that the District contacted the police *before* Herring entered her appearance on Evans's behalf.  (*See* Tr. of Due Process Hearing 0005:5-11, 0007:5-24.)  Evans's allegation that the District intentionally retaliated against her by attempting to deprive her of her legal counsel (*see* Compl. ¶ 16(2)) is also contrary to what occurred at the hearing because, again, the transcript of the hearing shows that the District contacted the police before Herring entered her appearance on Evans's behalf.  (Tr. of Due Process Hearing 0005:5-11.)  Furthermore, the hearing officer recessed the hearing when the police officers arrived to issue a citation for trespass to Herring (*id.* 0017:21-25), and the District allowed Herring to continue her representation of Evans *after* Herring received the citation (*id.* 0018:3-11).  After that, the hearing officer agreed to continue the hearing to allow Herring to prepare for the hearing, and he also agreed to hold the subsequent hearing at a different location.  (*Id.* 0018:14-22, 0022:15-18.)  Herring then represented Evans at the subsequent hearing.  Given these events, if Evans chooses to file an amended § 504 complaint against the District after exhausting her administrative remedies, she must allege accurate facts that meet all of the elements of a § 504 claim in order to sustain her claim.

[10] Evans seeks punitive damages under Count Two, but punitive damages cannot be recovered from municipal entities.  *See, e.g.*, *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 785 (2000) (noting "presumption against imposition of punitive damages on governmental entities"); *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not appropriate against municipalities in § 1983 action).  Accordingly,

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

### a.   The District

The District argues Evans cannot meet the elements of her § 1983 claim because her activity was not constitutionally protected.  Evans's complaint alleges she advocated for the rights of her child and "complained of and reported incidents and situations in which students with disabilities were subject to discrimination" (Compl. ¶¶ 11, 15(2)), that her speech and advocacy were protected by federal law and the First Amendment to the U.S. Constitution (*id.* ¶ 21), and that her right to free speech regarding her child's advocacy was violated (*id.* ¶ 22).  The complaint does not, however, include facts that allege how and when Evans exercised her free speech rights.  Specifically, there are no facts demonstrating how and when she advocated for the rights of her child or how and when she submitted complaints and reports.  Therefore, I cannot conclude that her activity was in fact constitutionally protected.[11]

The complaint also does not allege action by the District that shows it retaliated against

---

Evans will not be able to seek punitive damages from the District in her amended complaint.

[11] At oral argument, I asked for more specific information regarding Evans's free speech claim and the allegations in paragraphs 21 and 22 of the complaint.  In response, Evans's counsel referred to events that took place prior to the January 7, 2005 hearing and at the January 7, 2005 hearing.  Counsel conceded, however, that the events preceding the January 7, 2005 hearing are barred by the statute of limitations.  Thus, it appears that this claim is entirely based on the events of the January 7, 2005 hearing.  If Evans chooses to rely on subsequent events in her amended complaint, she must include the specific dates on which the alleged exercise of free speech, and the District's subsequent violations of Evans's rights, took place.

Evans as required by the second element.  Rather, Evans has concluded that the District retaliated against her without sufficiently supporting this allegation with facts.[12]

Finally, Evans's complaint also fails to allege facts that would allow an inference of a causal link between her activity and the District's actions.  Causation can be shown by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Deflaminis*, 480 F.3d at 267.  Evans's complaint is devoid of facts regarding causation as defined by the Third Circuit.

In conclusion, Evans has not sufficiently alleged the elements of a First Amendment retaliation claim because she has not provided facts to demonstrate that (1) her activities constituted protected activity; (2) the District retaliated against her and that its actions were sufficient to chill a person of ordinary firmness from exercising her constitutional rights; and (3) there was a causal link between her activities and the District's conduct.  In the amended complaint, Evans must allege these deficient facts with clarity in order to sufficiently allege all of the elements of her First Amendment retaliation claim.  Specifically, Evans will need to allege facts demonstrating how and when she advocated for her child and complained of and reported incidents involving the District's failure to provide a free and appropriate education for disabled students, including the specific dates she made these complaints and reports; how the District retaliated against Evans, rather than against her lawyer; and how there was a causal link between her activity and the District's actions.

---

[12] Moreover, as discussed *supra* at note 9, it is not clear that the District actually retaliated against Evans.

Liability is also an issue with Evans's § 1983 claim against the District.  The District, a municipal entity, can only be held liable for Evans's alleged constitutional deprivations if there is a causal link between a policy or custom and the alleged deprivations.  *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Generally, a policy or custom can be demonstrated by a formal policy statement, decision, or regulation; persistent practices that give the custom the force of law; or actions by officials who have final policymaking authority.  *Id.* at 215 (citations omitted).  The official policy or custom may also be shown by a failure to train.  *Id.*  (citation omitted).

Thus, in order for the District to be liable under § 1983, Evans must allege that the actions of the District or its employees that deprived her of her federally protected free speech rights resulted from policy or custom or were done by employees who had final policymaking authority.  Evans generally alleges the District "has a custom, pattern, or practice of attempting to coerce, discourage or prevent[] employees or advocates from disclosing information of inappropriate or nondiscriminatory programs or deficiencies." (Compl. ¶ 22).  Alternatively, Evans avers that the district failed to train its employees regarding First Amendment rights or that Golde, a policymaker, approved of and enforced the District's retaliatory actions.  (*Id.* ¶ 25.)  Evans's conclusions do not sufficiently allege facts to show a policy or custom by the District.  In her amended complaint, Evans will need to include factual allegations, in addition to her conclusions, to show how the District can be held liable.[13]

---

[13] Action by Golde would, of course, be sufficient if proper facts were alleged, as he would be an official having final policymaking authority.

### b.    Senatore and Golde

"A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Senatore and Golde argue the § 1983 claim against them must fail because Evans did not allege any personal involvement by them.

Evans's only allegations regarding Senatore are that she conspired to restrain Evans's free speech rights (*see* Compl. ¶¶ 24, 27); the complaint does not allege any individual actions by Senatore. Evans argues the inference that Senatore was present at the hearing is sufficient to survive a motion to dismiss. Mere presence, however, does not allege individual action by Senatore that would support a cause of action in this case. Thus, Evans's allegations regarding Senatore fail not only because she did not properly allege the elements of her First Amendment retaliation claim, but also because the complaint does not allege Senatore acted individually. The § 1983 claim against Senatore will be dismissed accordingly.[14]

Evans alleges Golde was a policymaker who approved of calling the police to report that Evans's attorney was trespassing. (Compl. ¶ 25.) This allegation demonstrates individual involvement, so Evans has sufficiently alleged individual involvement against Golde. Nonetheless, as described in the preceding section, Evans has not properly pleaded the elements of her § 1983 claim. Thus, despite the allegations of Golde's individual involvement, the claim

---

[14] At oral argument, Evans's counsel were not able to present any facts that would allow Evans to sustain a § 1983 claim against Senatore, and they admitted that the only fact they had was that Senatore was present at the January 7, 2005 hearing. An amended complaint would therefore be futile, and Count Two will be dismissed with prejudice as to Senatore.

against Golde will be dismissed for failure to allege the necessary elements of the § 1983 claim.

Golde also argues the § 1983 claim against him should be dismissed because he is entitled to qualified immunity.  Government officials performing discretionary functions are entitled to qualified immunity for their actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This determination requires a two-part analysis: First, the court must determine if, taken in the light most favorable to the party asserting the injury, the facts alleged show that the defendant violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 121, 201 (2001).  Second, if the initial prong is satisfied, the court must determine whether that right was clearly established at the time of the alleged violation.  *Id.* at 201-02.

The facts presented to the court do not allow for a sufficient determination of qualified immunity at this point in the proceedings.  Golde may reassert the defense of qualified immunity if Evans files an amended complaint, and the issue will be revisited at that time.

### 5.    42 U.S.C. § 1985(3) Claim (Count Three)

In Count Three, Evans brings a claim pursuant to 42 U.S.C. § 1985(3), alleging defendants conspired to deprive her of "the equal protection of laws, or of equal privileges and immunities under federal and state laws which permitted her to advocate individually and through her lawyer for the rights of her child for an appropriate public education."  (Compl. ¶ 33.)  Evans claims the defendants targeted her for this conspiracy "on account of her race, the race of her children, and the race of her choice of legal counsel."  (*Id.* ¶ 32.)

The District argues Evans's § 1985(3) claim fails because § 1985(3) claims are held to a heightened pleading standard and Evans did not meet this burden.  Recently, however, the

14

Supreme Court has articulated that the heightened pleading standard is not required for these types of claims. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 US. 163 (1993). Also, the Third Circuit has stated: "the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law." *Thomas*, 463 F.3d at 295. Although the Third Circuit's holding in *Thomas* dealt specifically with the pleading standard for § 1983 actions, the language used is broader than § 1983 and applies to all civil rights actions. No Federal Rule or statute provides a heightened pleading standard for § 1985(3) claims, so the District's argument regarding heightened pleading is incorrect. Nonetheless, even without applying a heightened pleading standard, Evans has not sufficiently alleged a § 1985(3) claim.

> To state a claim under § 1985(3), Evans must allege:
>
> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). The first flaw in Evans's § 1985(3) claim is that she legally concludes the defendants conspired, but she does not plead facts to demonstrate a conspiracy. Her legal conclusion is not sufficient to allege a conspiracy for purposes of § 1985(3).

The District relies on the requirements set forth in *Armstrong v. School District of Philadelphia*, 597 F. Supp. 1309 (E.D. Pa. 1984), to show that Evans's conclusions do not suffice. In *Armstrong*, the court required the plaintiff to "include a description of the membership, formulation and purpose of the alleged conspiracy" in order to sufficiently state a

conspiracy claim.  *See id.* at 1313.  The District contends that because Evans has not made any of

these allegations, her claim must fail.  Given the recent precedent set forth in *Leatherman* and

*Thomas*, these heightened factual allegations are probably not required.  Nonetheless, a  recent,

unpublished Third Circuit opinion does provide support for the argument that Evans must

provide *some* factual allegations regarding the conspiracy.[15]  In *Parrott v. Abramsen*, the

plaintiff's § 1985(3) claim failed not only because the plaintiff did not allege an invidiously

discriminatory motive, but also because a § 1985(3) claim "must set forth facts from which a

conspiratorial agreement between the defendants can be inferred," and the complaint failed to set

forth these facts.  200 F. App'x 163, 165 (3d Cir. 2006).  Similarly, Evans provides conclusory

statements that the defendants conspired, but she does not allege facts to demonstrate, or to allow

an inference of, a conspiracy.[16]

      Evans's conspiracy claim also fails because she does not sufficiently allege the conspiracy

was motivated by a racial- or class-based discriminatory animus.   "[A] plaintiff must allege both

that the conspiracy was motivated by discriminatory animus against an identifiable class and that

the discrimination against the identifiable class was invidious."  *Farber v. City of Patterson*, 440

---

[15] Although I recognize that unpublished opinions lack precedential value, I cite to them in this memorandum as persuasive authority when I find their reasoning convincing and their facts analogous to the situation before me.  *Cf. City of Newark v. U.S. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case.").

[16] Moreover, per the concession of Evans's counsel at oral argument, ODR, Montanye, and Sweet Stevens LLP will be dismissed from the lawsuit.  Senatore will also be dismissed as a party to this suit, leaving only the District and Golde, a District employee, as defendants.  There is no one left for the District to conspire with in order for it to be liable under § 1985(3), and the District cannot conspire with itself.

F.3d 131, 135 (3d Cir. 2006) (citing *Aulson v. Blanchard*, 83 F.3d 1, 4-5 (1st Cir. 1996)).  The

Supreme Court has stated that § 1985(3) is not intended to be a general, federal tort law and is

not to apply "to all tortious, conspiratorial interferences with the rights of others."  *Griffin v.*

*Breckenridge*, 403 U.S. 88, 102 (1971).  Therefore, full effect must be given to the requirement

of "invidiously discriminatory motivation."  *Id.*  Given these pleading requirements, the second

issue with Evans's § 1985(3) claim is whether she has sufficiently alleged defendants

discriminated against her because of a discriminatory motive.

      In *Robinson v. McCorkle*, 462 F.2d 111 (3d Cir. 1972), the Third Circuit affirmed the

dismissal of a § 1985(3) claim because the allegations were unsupported by specific facts and

there was not a sufficient showing that the plaintiff was denied the equal protection of the law.

The *Robinson* court stated that other courts have nearly unanimously required more than

conclusory allegations of deprivations of constitutional rights and have required a "clear showing

of invidiously, purposeful, and intentional discrimination between classes or individuals."  *Id.* at

113 (collecting cases).  Similar to the plaintiff in *Robinson*, Evans has only made conclusory

allegations and has not alleged facts to show invidiously, purposeful, and intentional

discrimination.

      In a more recent case that is similar to the case at bar, a pro se plaintiff brought § 1985(3)

and § 1981 claims, alleging the defendants wrongfully terminated his services "on the basis of his

nationality and/or the color of his skin."  *Clarke v. Eisenhower*, 199 F. App'x 174, 174 (3d Cir.

2006).  The Third Circuit affirmed the dismissal of plaintiff's § 1985(3) claim because he did not

allege any facts that allowed the court to infer the "defendants colluded with the requisite racial

or otherwise class-based invidiously discriminatory animus."  *Id.* at 175; s*ee also, e.g.*, *Parrott*,

17

200 F. App'x at 165 (concluding that § 1985(3) claim was properly dismissed because it "must allege that racial, or otherwise class-based invidiously discriminatory animus lay behind the defendants' action"); *Gresh v. Godshall*, 170 F. App'x 217, 221 (3d Cir. 2006) (affirming district court's dismissal of plaintiff's claims, including conspiracy claim, because plaintiff "failed to elaborate factually or legally on these claims" and determining the "conclusory allegations" were "simply insufficient to state a claim"); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) (affirming dismissal of § 1985(2) and (3) claims because there was "no evidence sufficient to raise an inference of a race-based motive for the defendants' alleged actions"). Thus, Evans's conclusion the defendants acted "on account of her race" does not sufficiently allege invidiously discriminatory animus. The defendants' motions to dismiss Count Three will therefore be granted.[17]

### 6.    42 U.S.C. § 1981 Claim (Count Four)

The same conclusory statements that were at issue in Count Three are also at issue in determining whether Evans has sufficiently alleged a § 1981 claim in Count Four. To state a claim under § 1981, Evans must allege "(1) that [s]he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant[s]; and (3) discrimination concerning one or

---

[17] At oral argument, Evans's counsel were not able to present facts that would enable Evans to sustain a § 1985(3) claim. They argued that because the African American students in the District have more needs than the white students, the African American students cost the District more money, and the District discriminates against these students by denying them a free and appropriate education in order to save money. Notably, however, when pressed for facts to support these conclusory allegations, Evans's attorneys were not able to allege any facts to support them. Instead, they repeatedly relied on their conclusions and the evidence from the January 7, 2005 hearing, which, as discussed above, does not sufficiently allege an actionable conspiracy. Because an amended complaint would therefore be futile, Count Three will be dismissed with prejudice.

more of the activities enumerated in' § 1981, including the right to make and enforce contracts."
*See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).  Section 1981 "can be violated only by purposeful discrimination."  *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390 (1982); *see also Pryor*, 288 F.3d at 562 (stating § 1981 "provide[s] a private cause of action for intentional discrimination only").  The statute is not intended to "include practices that were 'neutral on their face, and even neutral in terms of intent.'"  *Gen. Bldg.*, 458 U.S. at 388 (quoting *Griggs v. Duke Power Co.* 401 U.S. 424, 430 (1971)).  Thus, the impact of the action must be traced to "a discriminatory purpose."  *Id.* at 390.

In *Brown v. Philip Morris, Inc.*, 250 F.3d 789 (3d Cir. 2001), the Third Circuit looked at allegations contained in a 110-page, 211-paragraph complaint and affirmed dismissal of the § 1981 claim because, inter alia, the plaintiffs did not aver the defendants engaged in a discriminatory refusal to deal with African Americans and they did not claim the defendants had dealt with African Americans differently than Caucasians on the basis of race.  *Id.* at 797; s*ee also Clarke*, 199 F. App'x at 174 (affirming dismissal of § 1981 claim because plaintiff did "not allege facts that would support an inference that defendants intended to discriminate on the basis of race"); *Stehney v. Perry*, 101 F.3d 925, 938 (3d Cir. 1996) (affirming dismissal of equal protection claim because plaintiff alleged the defendants' policy was discriminatory without actually alleging the defendants had an *intent* to discriminate, which was a required element of her claim).  Similarly, in the complaint at bar, Evans has not alleged any facts showing intentional discrimination, let alone discriminatory treatment, on the basis of race.

Evans's complaint also fails to allege that the District interfered with her contract rights,

and specifically with her right to contract with her legal counsel of choice, as required by the

third element.  Furthermore, based on the facts before me, it is not clear that Evans would be able

to sufficiently plead this element.  Evans repeatedly relies on the events of the January 7, 2005

hearing in her complaint.  As previously discussed, however, Evans's attorney formally entered

an appearance on Evans's behalf during that hearing.  Moreover, the District allowed Evans's

attorney to remain at the hearing after she was issued a trespass citation, and Evans's attorney

actually represented Evans at the subsequent due process hearing.  Thus, it appears that Evans

was allowed to use the attorney of her choice at her son's due process hearings, and the District's

alleged discriminatory interference with Evans's right to contract with her attorney does not

appear to have actually taken place.

Given Evans's lack of any factual allegation regarding intentional discrimination or racial

discrimination and the lack of allegations showing that defendants discriminatorily interfered

with Evans's right to contract with the attorney of her choice, Evans's § 1981 claim fails.

Defendants' motions to dismiss Count Four will be granted.[18]

### 7.    Declaratory Relief (Count Five)

Evans seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201, as to her rights and liabilities under the attorney fee provisions of IDEA, 20 U.S.C. § 1415.

She also seeks a declaration that certain provisions of IDEA are unconstitutional.

"[B]ecause the Constitution prohibits federal courts from deciding issues in which there

is no 'case[]' or 'controversy,' U.S. Const. art. III, § 2, declaratory judgments can be issued only

---

[18] Evans's counsel were not able to provide facts that would allow Evans to sustain a § 1981 claim when given the opportunity to do so at oral argument.  Thus, an amended complaint would be futile, and Count Four will be dismissed with prejudice.

when there is 'an actual controversy' . . . ." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d

643, 647 (3d Cir. 1990). Therefore, a case must be ripe in order for the court to exercise its

discretion to issue a declaratory judgment. This determination is one of degree and is based on

the facts alleged in each case. *Id.* The facts as alleged in Evans's complaint do not show any

case or controversy regarding attorney fees under IDEA. Therefore, there is no case or

controversy on the issues for which Evans seeks declaratory relief, and the defendants' motions

to dismiss Count Five will be granted.[19]

### B.    Motion to Compel Withdrawal of Evans's Counsel[20]

The District and ODR argue that Evans's attorney, Carol Herring, must be compelled to

withdraw as counsel pursuant to Rule 3.7 of the Pennsylvania Rules of Professional Conduct.[21]

The basis for defendants' motion to compel withdrawal is the fact that Evans's counsel is herself

a plaintiff in a case based on the same underlying facts and with the same claims as the instant

---

[19] At oral argument, Evans's counsel conceded that there is no case or controversy regarding the IDEA attorney fees provisions. Thus, dismissal of Count Five will be with prejudice.

[20] The District and ODR filed this motion on June 8, 2007, when only one attorney, Herring, who is herself a plaintiff in a related lawsuit based on the same claims, had entered an appearance on Evans's behalf. On September 14, 2007, a second attorney entered his appearance on Evans's behalf. At oral argument, defendants stated that they wanted to pursue their motion to compel Herring's withdrawal despite the appearance of a second attorney.

[21] Pennsylvania's Rules of Professional Conduct apply to this proceeding pursuant to Local Rule of Civil Procedure 83.6. The relevant provision of Rule 3.7 states:
   (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
      1.    the testimony relates to an uncontested issue;
      2.    the testimony relates to the nature and value of legal services rendered in the case; or
      3.    disqualification of the lawyer would work substantial hardship on the client.

21

case.  Defendants contend Evans's counsel will be a witness at trial in the instant case and must

be compelled to withdraw.  Evans counters that her counsel's testimony, if required, would only

pertain to uncontested issues and it would be a hardship to Evans if her counsel were

disqualified.

Defendants concede Rule 3.7 pertains only to the lawyer-witness's representation of her

client at trial; a lawyer that may be a witness at trial is able to represent her client in pretrial

matters.  (*See* Defs. Mem. Supporting Mot. to Compel Withdrawal 3.)  Despite this allowance,

defendants argue Evans's counsel must be compelled to withdraw at this stage of the proceeding

because she will be required to withdraw on the eve of trial, resulting in a disadvantage to Evans.

Therefore, defendants argue, both Rule 1.3 and Rule 1.16(a) of the Pennsylvania Rules of

Professional Conduct[22] compel withdrawal at this point.

As conceded by defendants, Rule 3.7 only pertains to counsel's actions at trial, and this

case is in the early stages of pretrial proceedings.  Thus, a determination as to whether Herring

will be disqualified from acting as an advocate at trial because she is a necessary witness is a

determination to be made closer to the trial date.  *Accord Javorski v. Nationwide Mut. Ins. Co.*,

No. 06-1071, 2006 WL 3242112, at *9 (W.D. Pa. Nov. 6, 2006) (concluding that a determination

as to whether Rule 3.7 required withdrawal of counsel should be made at time of trial); *Foster v.*

---

[22] Rule 1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."  Defendants argue Rule 1.3 is applicable because counsel's ultimate withdrawal from this case will delay proceedings, thus preventing her from acting with reasonable diligence and promptness in her representation of Evans.

The relevant portion of Rule 1.16(a) states:  "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:  1.  the representation will result in violation of the rules of professional conduct or other law."  Defendants argue Rule 1.16(a)(1) is applicable because Herring's current representation of Evans violates Rule 3.7.

*JLG Indus.*, 372 F. Supp. 2d 792, 798-99 (M.D. Pa. 2005) (denying motion to disqualify defendants' counsel because 3.7 pertained to trial proceedings, and even if the attorneys were to be called as witnesses at trial, the parties were still engaged in pretrial activities). Defendants' motion to compel withdrawal of Evans's counsel will be denied, without prejudice to defendants' ability to refile a motion to compel withdrawal at trial.

## III.     Conclusion

Evans's counsel agreed to withdraw all claims against ODR at oral argument. ODR's motion to dismiss will therefore be granted, all claims against ODR will be dismissed with prejudice, and ODR will be dismissed as a party to this lawsuit. Pursuant to the intracorporate conspiracy doctrine and the concession of Evans's counsel at oral argument, Montanye and Sweet Stevens LLP's motion to dismiss will be granted, all claims against them will be dismissed with prejudice, and they will be dismissed as parties to this lawsuit.

Count One against the District will be dismissed without prejudice to allow Evans the opportunity to exhaust her administrative remedies. Count Two will be dismissed without prejudice as to the District and Golde, and Evans may file an amended complaint as to those two defendants only. Count Two as to Senatore will be dismissed with prejudice, and Senatore will be dismissed as a party to this lawsuit. Counts Three, Four, and Five will be dismissed with prejudice.

Defendants' motion to disqualify Evans's counsel will be denied. This denial is without prejudice to defendants' right to file another motion to disqualify at the time of trial.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAY EVANS, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-0072 |
| CHICHESTER SCHOOL DISTRICT et al., | : | |
| Defendants. | : | |
| | : | |
| | : | |

## Order

AND NOW on this _____ day of January 2008, upon careful consideration of defendants'

motions to dismiss (Docket Nos. 7, 18, and 19), plaintiff's replies, and defendants' responses

thereto; and upon careful consideration of defendants' motion to compel withdrawal of plaintiff's

counsel (Docket No. 9), plaintiff's response, and defendants' reply thereto, IT IS HEREBY

ORDERED that:

1.    The Pennsylvania Office of Dispute Resolution's motion to dismiss is

GRANTED.  Pursuant to plaintiff's agreement at oral argument, all claims against

this defendant are dismissed with prejudice, and the Pennsylvania Office of

Dispute Resolution is DISMISSED as a party to this lawsuit.

2.    Sharon Montanye and Sweet, Stevens, Katz & Williams LLP's motion to dismiss

is GRANTED.  All claims against these defendants are dismissed with prejudice,

and Sharon Montanye and Sweet, Stevens, Katz & Williams LLP are

DISMISSED as parties to this lawsuit.

3.    The motion to dismiss Count One as to the Chichester School District is

GRANTED, and Count One is dismissed without prejudice as to the District to

allow plaintiff an opportunity to exhaust her administrative remedies within 90 days of the date of this Order.

4.      The motion to dismiss Count Two as to the Chichester School District and Michael Golde is GRANTED.  Count Two is dismissed as to these defendants without prejudice, and plaintiff has leave to file an amended complaint as to Count Two against the Chichester School District and Michael Golde only, consistent with the guidelines set forth in the accompanying Memorandum, if she can do so within the requirements of Federal Rule of Civil Procedure 11.  Plaintiff will have 20 days from the date of this Order to file an amended complaint.

5.      The motion to dismiss Count Two as to Gloria Senatore is GRANTED.  Count Two is dismissed as to this defendant with prejudice, and Gloria Senatore is DISMISSED as a party to this lawsuit.

6.      The motions to dismiss Count Three, Count Four, and Count Five are GRANTED, and Count Three, Count Four, and Count Five are DISMISSED with prejudice.

7.      The motion to compel withdrawal of counsel is DENIED, without prejudice to defendants' right to refile the motion at trial.

8.      By agreement of the parties, the Clerk is to AMEND the caption to read that Kay Evans is the sole plaintiff to this lawsuit, and that she is not bringing the lawsuit on behalf of any minor children.

 

                                                      s/William H. Yohn Jr.

                                           William H. Yohn Jr., Judge